USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/23/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SILVINO MARTINEZ,

                Petitioner,

-v-

DANIEL MARIUSCELLO,

                Respondent.

No. 16-cv-7933 (RJS)
OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

Now before the Court is the (1) Report and Recommendation of the Honorable Andrew J. Peck, Magistrate Judge, recommending the denial of Petitioner's habeas corpus petition (Doc. No. 17), and (2) Petitioner's motion to stay the adoption of the Report and Recommendation and hold his petition in abeyance pending the exhaustion of additional claims through state collateral review (Doc. No. 18 at 2–3). For the reasons that follow, the Court denies Petitioner's motion to stay and adopts the Report and Recommendation in its entirety.

## I. Background

On September 5, 2008, a New York State grand jury returned an indictment charging Petitioner with one count of first-degree sexual misconduct against a child. (Doc. No. 19-2 at 4.) Petitioner's first two trials ended in hung juries (*id.*), but on December 20, 2010, a jury found Petitioner guilty of the charge in New York State Supreme Court, New York County. (Doc. No. 15-1 at 2.) On December 20, 2010, Justice Ruth Pickholz sentenced Petitioner to twenty years in prison followed by ten years of post-release supervision. (Doc. No. 19-2 at 4.) Petitioner thereafter filed a direct appeal arguing that his conviction should be reversed because an expert-witness nurse had given improper opinion testimony regarding whether Petitioner's victim had been sexually

abused. The Appellate Division denied Petitioner's appeal and affirmed his conviction on October 9, 2014. *See People v. Martinez*, 993 N.Y.S.2d 499 (1st Dep't 2014) *leave to appeal denied*, 26 N.Y.3d 1041 (2015).

On October 7, 2016, Petitioner filed the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the trial court's admission of the allegedly improper opinion testimony. (Doc. No. 1.) On November 28, 2016, the Court ordered Respondent to file and serve an answer to the petition. (Doc. No. 7.) On the same day, the Court referred this case to Magistrate Judge Peck for a Report and Recommendation. (Doc. No. 6.) On April 4, 2017, Magistrate Judge Peck issued a report recommending the denial of the petition on the grounds that Petitioner procedurally defaulted on his claims in state court and failed to establish actual innocence as needed to overcome the procedural default. (Doc. No. 17.) Magistrate Judge Peck advised the parties that failure to object within fourteen (14) days of the issuance of the Report and Recommendation would constitute a waiver of objections for purposes of appellate review. (*Id.* at 29–30.) On May 8, 2017, well after the fourteen days for objections had elapsed, Petitioner wrote a letter requesting that the Court stay the adoption of the Report and Recommendation and hold his habeas corpus petition in abeyance so that he could pursue previously unexhausted claims in state court. (Doc. No. 18 at 2–3.) Specifically, Petitioner now seeks a stay of these proceedings so that he may (1) litigate double jeopardy and ineffective assistance of counsel claims in New York State court by way of a New York Criminal Procedure Law § 440.10 petition and a writ of coram nobis (*see id.*; Doc. No. 19, Ex. A), and (2) if and when those claims are rejected by the state courts, amend his stayed § 2254 habeas petition before this Court to include the additional, newly exhausted, claims.

Respondent filed an opposition to Petitioner's motion on May 23, 2017 (Doc. No. 19), and attached copies of Petitioner's § 440.10 petition (*id.*, Ex. A), the New York District Attorney's

response (*id.*, Ex. B), and Justice Pickholz's decision denying Petitioner's § 440.10 petition on the basis that the arguments raised were waived and/or failed on the merits (*id.*, Ex. C).

Petitioner has also submitted a letter, dated June 7, 2017 and received by the Southern District's Pro Se Intake Unit on June 14, 2017, requesting permission to "add a supplemental brief" to Magistrate Judge Peck's Report and Recommendation before the Court determines whether or not to adopt it. (Doc. No. 20.) This latter request is dated more than two months after Magistrate Judge Peck issued his Report and Recommendation and warned the parties that they had fourteen days to lodge objections. Accordingly, this request is denied and the Court will not consider a supplemental brief from Petitioner.

## II. MOTION TO STAY

When confronted with a § 2254 habeas petition that presents some claims that have not been properly exhausted in state court, district courts may grant a stay "only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Specifically, in order to grant a stay, the court must find that (1) "there was good cause for the petitioner's failure to exhaust his claims first in state court," (2) the claims are not "plainly meritless," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id* at 277–78; *see also Woodard v. Chappius*, 631 F. App'x 65, 66 (2d Cir. 2016).[1]

Here, Petitioner has not demonstrated good cause for his failure to first exhaust his double jeopardy and ineffective assistance claims in state court. Although the Supreme Court has not defined this "good cause" standard, lower courts have determined that it requires a showing of

---

[1] Although the petition here does not, at present, include unexhausted claims, Petitioner hopes to ultimately amend his petition to add new claims that he has not yet exhausted in state court proceedings. Courts have disagreed over whether petitioners seeking to exhaust new claims may seek a stay under *Rhines*. *See McNeil v. Capra*, No. 13-cv-3048 (RA) (RLE) 2015 WL 4719697, at *6 (S.D.N.Y. Aug. 7, 2015). For the purpose of resolving this motion, the Court assumes without deciding that habeas petitioners may seek a stay in order to exhaust new claims.

3

either (1) "some factor external to the petitioner [that] gave rise to the default" or (2) "reasonable confusion," which is more forgiving and incorporates the petitioner's subjective reasons for the delay in seeking state relief. *Whitley v. Ercole*, 509 F. Supp. 2d 410, 417, 418 (S.D.N.Y. 2007); *see also Young v. Great Meadow Corr. Facility Superintendent*, No. 16-cv-1420 (PAE) (BCM), 2017 WL 480608, at *5 (S.D.N.Y. Jan. 10, 2017) (collecting cases). Because Petitioner provides no reason at all for his failure to exhaust his claims, he fails to satisfy either standard.

Furthermore, even if Petitioner could demonstrate good cause for his failure to exhaust his state law claims, almost all of the claims he hopes to add to his habeas petition are plainly lacking in merit because they are time barred and do not relate back to the claims asserted in Petitioner's present petition. An individual convicted of a state crime has one year from the date his conviction became final to seek federal habeas relief. *See* 28 U.S.C. § 2244(d)(1). By statute, habeas petitions may be amended according to the Federal Rules of Civil Procedure, *id.* § 2242, which, in turn, allow for otherwise time-barred claims to "relate back" to the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading," Fed. R. Civ. P. 15(c)(1)(B). In the specific context of habeas petitions, "[a]n amended habeas petition . . . does not relate back (and thereby escape [the] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005); *see also Gibson v. Artus*, 407 F. App'x 517, 519 (2d Cir. 2010) (recognizing that claims in amended petition are limited "to those that arose from the same core facts alleged in the original petition, not those related generally to petitioner's trial, conviction, or sentence").

Here, Petitioner's state conviction became final on February 28, 2016, which was the last day he could still petition the United States Supreme Court for a writ of certiorari from the New

York Court of Appeal's November 30, 2015 denial of his appeal, *People v. Martinez*, 26 N.Y.3d 1041 (2015). *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001) (holding that the habeas corpus limitations period does not begin to run "until the completion of certiorari proceedings" or when "the time to seek direct review via certiorari has expired"); Sup. Ct. R. 13 (setting forth that a certiorari petition is timely when filed within ninety days of a state high court's order denying discretionary review). Accordingly, Petitioner's one-year statute of limitations period ended on February 28, 2017. Thus, in order for Petitioner to successfully assert new claims in an amended petition, those claims must satisfy *Mayle*'s relation back standard.

At the moment, Petitioner's habeas petition raises only one claim of error – namely, that the trial court improperly allowed a nurse, who testified as an expert, to opine that Petitioner's victim had suffered sexual abuse. (*See* Doc. No. 1 at 2.) By contrast, Petitioner first two proposed new claims – that (1) the trial court improperly declared a mistrial in Petitioner's two prior trials, violating his Fifth Amendment Double Jeopardy Clause rights and (2) his trial counsel was ineffective in failing to object to those mistrial declarations (Doc. No. 19, Ex. A) – plainly do not relate back to the initial claim. Trial counsel's failure to object to the trial court's declarations of mistrials in Petitioner's first and second trial clearly "differ in both time and type from those the original pleading set forth," which in this case only concerns the allegedly improper testimony at Petitioner's *third* trial. *Mayle*, 545 U.S. at 650. As to Petitioner's final claim of ineffective assistance – that trial counsel failed to object to the "judge's tantamount language to the jury" – it is not clear what Petitioner means by the trial judge's "tantamount language" and Petitioner has provided no basis for the Court to conclude that this related in any way to the admission of allegedly improper opinion testimony.[2]

---

[2] As noted above, even if this final claim could be maintained under *Mayle*, a stay would still not be warranted since Petitioner does not offer any good-cause justification for failing to previously exhaust this claim in state court.

Accordingly, because Petitioner does not make the requisite showing of good cause and his claims are plainly without merit, the Court denies his motion to stay the adoption of Magistrate Judge Peck's Report and Recommendation and hold his habeas petition in abeyance.[3]

### III. The Report and Recommendation

Having denied Petitioner's motion to stay and hold his habeas petition in abeyance, the Court now turns to Magistrate Judge Peck's Report and Recommendation. Petitioner's stay motion is not an objection to the Report and Recommendation itself. In fact, neither Petitioner nor Respondent has lodged objections to any part of the Report and Recommendation. "When no objections to a Report and Recommendation are made, the Court may adopt the Report if there is no clear error on the face of the record." *Correale-Englehart v. Astrue*, 687 F. Supp. 2d 396, 401 (S.D.N.Y. 2010). After conducting a thorough review of the record, the Court concludes that Magistrate Judge Peck's thirty-page opinion is not facially erroneous. Indeed, even if the Court were to apply the less deferential de novo standard of review, the Court would reach the same conclusion as Judge Peck that Petitioner defaulted on his federal claims in the state proceedings where he failed to adequately invoke his rights under the United States Constitution. Accordingly, the Court adopts the Report and Recommendation in its entirety, and for the reasons set forth in the Report and Recommendation, denies the petition for a writ of habeas corpus.

### IV. Conclusion

In sum, the Court DENIES Petitioner's motion to stay the adoption of Magistrate Judge Peck's Report and Recommendation and hold his petition in abeyance. The Court further adopts the Report and Recommendation in its entirety, and DENIES the petition for a writ of habeas corpus.

---

[3] There is no indication in the record, and Respondent does not allege, that Petitioner has engaged in "intentionally dilatory tactics," *Rhines*, 544 U.S. at 278, and so the Court assumes he has not.

The Court further declines to issue a certificate of appealability, finding that Petitioner has not made a substantial showing of a denial of a federal right. *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of Court is respectfully directed to close this case and to mail a copy of this order to Petitioner.

SO ORDERED.

Dated: June 23, 2017
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE